# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**EMILY ANNA STONE**                                                                                             **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO.: 3:19-CV-171-RP**

**ANDREW SAUL,**
**Commissioner of Social Security**                                              **DEFENDANT**

## ORDER GRANTING PAYMENT OF ATTORNEY'S FEES

Plaintiff seeks an award of attorney's fees of $4,584.94 paid under the Equal Access to Justice Act, 28 U.S.C. Section 2412. Docket 17. Furthermore, Plaintiff seeks reimbursement of $24.00 for the costs of service of process which was rendered by the United States Marshals Service. *Id.* Defendant does not object to the requested attorney's fees. Docket 18. Conversely, Defendant objects to the request for reimbursement for the cost of service of process. *Id.* Defendant supports its objection by citing 28 U.S.C. § 1915(f)(1), which states the United States shall not be liable for costs incurred in cases where a plaintiff's *in forma pauperis* application is granted. *Id.* However, as Plaintiff points out in reply, this is contrary to the position taken by the Commissioner in a number of recent cases in this court involving *in forma pauperis* plaintiffs.

For instance, the Commissioner had no objection to reimbursing the plaintiff for the U.S. Marshal's $24.00 service of process fee in *Michael Ray Goudy v. Commissioner of Social Security*, Civil Action No. 4:19-cv-064-RP. In *Goudy,* the Commissioner acknowledged the distinction between costs and expenses. Costs are administered by the Department of Justice and are paid out of the Judgment Fund, while expenses are paid out of the Agency's funds. *See* 28 U.S.C.§§ 1920, 2414, 2412(a)(1), (d)(1)(A), (d)(2), (d)(4). The Supreme Court has clarified that only the items specifically listed in 28 U.S.C. § 1920 are compensable as costs. *See West*

*Virginia University Hospitals v. Casey*, 499 U.S. 83, 86-87 (1991). "Fees of the clerk and marshal" are listed as recoverable costs. 28 U.S.C. § 1920(1). Citing these authorities, the Commissioner did not oppose the request for reimbursement of the U.S. Marshal's $24.00 service of process fee as costs. *Goudy,* No. 4:19-cv-064-RP, ECF No. 36. The Commissioner has taken the same position in a number of other recent cases in this court as well. *See, e.g., Sheri L. Kaniewski v. Commissioner of Social Security,* No. 1:19-cv-132-JMV, ECF No. 20; *Cynthia Dianne Turman v. Commissioner of Social Security,* No. 3:19-cv-108-DAS, ECF No. 24.

The court has reviewed the motion and the record and concludes that the motion is well taken. It is ORDERED that the Defendant pay the Plaintiff $4,584.94 in attorney's fees and $24.00 for service of process costs and mail the payments to Plaintiff's attorney.

**SO ORDERED**, this, the 13th day of February, 2020.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE